UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:16-CV-581-ORL-31GJK

SHIRLEY TAYLOR,
REDRICA MURRAY,
CONSTANTIA SPARKS,
JUAN MORALES,

        Plaintiff,

vs.

THE TRANSITION HOUSE, INC.,

        Defendant.

_____/

## SETTLEMENT AGREEMENT, WAIVER AND
## RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT, WAIVER AND RELEASE OF CLAIMS (hereinafter "this Agreement") is made and entered into, by and between The Transition House, Inc. (hereinafter "Defendant"), (including any and all of the company's current and former officers, directors, executives, investors, employees, affiliates, subsidiaries, partnerships, joint ventures, successors and assigns) and Shirley Taylor, ("Plaintiff").

When used hereafter the phrase the "Released Parties" includes all of the following: Defendant, its current or former directors, officers, executives, investors, employees, legal representatives and agents both in their official capacity and personally, its subsidiaries, affiliates (defined as any company which is owned by the parent company), predecessors, successors and assigns and his/her attorneys, heirs, executors, administrators, spouse, successors and assigns.

WHEREAS, Plaintiff and Defendant desire to finally settle all existing claims and disputes between Plaintiff and the Released Parties arising out of the above-captioned lawsuit filed against the Defendant. The parties agree as follows:

1.     **Obligations of Defendant**. In consideration of Plaintiff's agreement to the terms set forth herein:

(a)     Defendant shall pay Plaintiff ($3,892.26) to settle all claims against it including all unpaid wages and liquidated damages with the exception of costs and attorney's fees which shall be paid separately as per the terms set forth in paragraph 8 below.

(b)     Breakdown of Settlement:

        (i) Plaintiff shall receive ($1,946.13) for the full amount of his unpaid overtime.

        (ii) Plaintiff shall receive ($1,946.13) for the full amount of liquidated Damages.

Plaintiff hereby assigns his/her attorney's fee claim to Loren & Associates, P.A.

1

Plaintiff acknowledges that at the time of the filing of this lawsuit, that he/she did not have his/her payroll records so as to accurately calculate the overtime believed to be due and owing to him/her. After the filing of his lawsuit, once the parties exchanged documents, Plaintiff was able to calculate the total amount due and owing and agrees that he/she is being fully compensated by virtue of being paid the amounts set forth above.

All such monies as described in 1.a. through b. shall be paid to Plaintiff within five (5) days after court approval of this Agreement. Payment shall be tendered and delivered to Loren & Associates, P.A. payable for benefit of Plaintiff made payable care of Loren & Associates, PA, Trust Account. An IRS 1099 form shall be issued as gross proceeds to attorney. This will resolve any and all claims associated with Shirley Taylor v. Transition House, Inc. - Case No. **6:16-CV-581-ORL-31GJK**, filed in the United States District Court, Middle District of Florida, Orlando Division.

The payments set forth in paragraph 1 are paid in full and final settlement of all of Plaintiff's claims asserted against the Released Parties in the above lawsuit through the date of the execution of this Agreement as more specifically stated hereafter in paragraph 2, Plaintiff acknowledges that this is valid consideration for his agreement to the provisions herein.

2. **Obligations of Plaintiff.** In consideration of Defendant' agreement to the terms herein Plaintiff hereby waives, releases, and forever discharges the Released Parties from all claims asserted in the above-referenced lawsuit. The parties also agree that the Plaintiff is responsible for payment of any and all taxes applicable to any settlement monies received. In the event the Internal Revenue Service or other taxing authority challenges the above allocation, the Parties agree to work cooperatively in connection with any such challenge. Plaintiffs shall be solely responsible for paying all taxes and penalties related to the settlement sum. Plaintiff agrees to hold Defendant harmless from any liability, claims, suits, judgments, and damages that arise as a result of any failure by Plaintiff to pay all taxes for which s/he is responsible.

3. **Nondisclosure.** The parties agree to keep the facts, terms and amount of this Settlement Agreement in strict confidence other than filing this Settlement Agreement to obtain the Court's approval of the settlement. The parties understand and agree that disclosure of the terms of this Agreement to the Court in connection with seeking the Court's approval of this Agreement in the Civil Action is not in violation of this nondisclosure provision. The Plaintiff shall not disclose the terms of this Settlement Agreement to any person other than his spouse, accountant, attorneys, taxing authorities, or income tax preparer. All that the Plaintiff may divulge about the resolution of this matter, if asked, is that he cannot comment in any way on the matter. Furthermore, to the extent the Plaintiff discloses such information to his spouse, accountants, attorneys, taxing authorities, or income tax preparers, the Plaintiff agrees to require, and warrant, that the persons receiving such information will also maintain its confidentiality. If the Plaintiff is subpoenaed, receives other legal process, or is otherwise potentially required to disclose the existence or terms of this Settlement Agreement, he will notify counsel for the Defendant, Robert K. Dwyer, 3800 5th Street, Saint Cloud, FL 34769 (407) 883-5963 within ten (10) business days before responding to any subpoena, court order, legal process, or administrative request. The Plaintiff further agrees to cooperate fully with the Defendant when preparing the appropriate response to any such subpoena or other legal request.

4. **Non-Admission.** Neither this Agreement, nor anything contained herein, is to be construed as an admission by Defendant that Plaintiff was entitled to any monies or an admission that Defendant engaged in any wrongdoing or unlawful conduct whatsoever. Defendant expressly deny that they engaged in any wrongdoing or unlawful conduct whatsoever.

5. **Severability.** In the event that any provision of this Agreement is invalidated by a court of competent jurisdiction, all of the remaining provisions of this Agreement shall continue unabated and in full force and effect.

2

6. **Entire Agreement**. This Agreement contains the entire understanding and agreement between the parties and shall not be modified or superseded except upon express written consent of the parties to this Agreement. Plaintiff agrees that apart from the payments being made pursuant to this Agreement, he is not entitled to any other payments or other consideration from Defendant.

7. **Governing Law**. This Agreement shall be governed by the laws of the State of Florida. The parties hereto acknowledge that this Agreement is enforceable in the state or federal courts of Florida. Plaintiff and Defendant hereby waive any pleas of jurisdiction or venue as not being residents of Orange, Florida, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in Orange County, Florida.

8. **Attorneys' Fees**. It is further agreed that each party shall bear their, its or his/her own costs and attorneys' fees with the exception of the terms set forth in the separately executed attorney's fee release which is incorporated herein by reference..

9. **Opportunity to Consider and Confer**. By signing this Agreement, Plaintiff acknowledges that he has had the opportunity to study, consider, and deliberate upon this Agreement and has had the opportunity to consult with his attorney.

10. **Free and Voluntary**. This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner.

11. **Construction**. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

12. **Counterparts and Duplicate Originals**. This Agreement may be executed in one or more counterparts, any one of which need not contain the signature of more than one party, and all of which taken together will for all purposes constitute one and the same agreement, binding on all of the parties, notwithstanding that all of such parties have not executed the same counterpart. Two or more duplicate originals of this Agreement may be signed by the parties, each of which shall be an original but all of which together shall constitute one and the same agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Plaintiff and the duly authorized representative of Defendant execute this Settlement Agreement, Waiver and Release consisting of three (3) pages and including twelve (12) enumerated paragraphs, by signing below voluntarily and with full knowledge of the significance of all of its provisions.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES A WAIVER AND RELEASE OF ALL CLAIMS ASSOCIATED WITH THIS LAWSUIT.

_____
Plaintiff

_____
Thomas J. Griffin, CEO on Behalf of Defendant, Transition House, Inc.

6 / 2 / 2016
Date

6 / 1 / 16
Date

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:16-CV-581-ORL-31GJK

SHIRLEY TAYLOR,
REDRICA MURRAY,
CONSTANTIA SPARKS,
JUAN MORALES,

        Plaintiff,

vs.

THE TRANSITION HOUSE, INC.,

        Defendant.

_____/

### SETTLEMENT AGREEMENT, WAIVER AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT, WAIVER AND RELEASE OF CLAIMS (hereinafter "this Agreement") is made and entered into, by and between The Transition House, Inc. (hereinafter "Defendant"), (including any and all of the company's current and former officers, directors, executives, investors, employees, affiliates, subsidiaries, partnerships, joint ventures, successors and assigns) and Redrica Murray, ("Plaintiff").

When used hereafter the phrase the "Released Parties" includes all of the following: Defendant, its current or former directors, officers, executives, investors, employees, legal representatives and agents both in their official capacity and personally, its subsidiaries, affiliates (defined as any company which is owned by the parent company), predecessors, successors and assigns and his/her attorneys, heirs, executors, administrators, spouse, successors and assigns.

WHEREAS, Plaintiff and Defendant desire to finally settle all existing claims and disputes between Plaintiff and the Released Parties arising out of the above-captioned lawsuit filed against the Defendant. The parties agree as follows:

1.    **Obligations of Defendant**. In consideration of Plaintiff's agreement to the terms set forth herein:

(a)    Defendant shall pay Plaintiff ($3,895.32) to settle all claims against it including all unpaid wages and liquidated damages with the exception of costs and attorney's fees which shall be paid separately as per the terms set forth in paragraph 8 below.

(b)    Breakdown of Settlement:

        (i) Plaintiff shall receive ($1,947.66) for the full amount of his unpaid overtime.

        (ii) Plaintiff shall receive ($1,946.66) for the full amount of liquidated Damages.

Plaintiff hereby assigns his/her attorney's fee claim to Loren & Associates, P.A.

1

Plaintiff acknowledges that at the time of the filing of this lawsuit, that he/she did not have his/her payroll records so as to accurately calculate the overtime believed to be due and owing to him/her. After the filing of his lawsuit, once the parties exchanged documents, Plaintiff was able to calculate the total amount due and owing and agrees that he/she is being fully compensated by virtue of being paid the amounts set forth above.

All such monies as described in 1.a. through b. shall be paid to Plaintiff within five (5) days after court approval of this Agreement. Payment shall be tendered and delivered to Loren & Associates, P.A. payable for benefit of Plaintiff made payable care of Loren & Associates, PA, Trust Account. An IRS 1099 form shall be issued as gross proceeds to attorney. This will resolve any and all claims associated with Shirley Taylor v. Transition House, Inc. - Case No. **6:16-CV-581-ORL-31GJK**, filed in the United States District Court, Middle District of Florida, Orlando Division.

The payments set forth in paragraph 1 are paid in full and final settlement of all of Plaintiff's claims asserted against the Released Parties in the above lawsuit through the date of the execution of this Agreement as more specifically stated hereafter in paragraph 2. Plaintiff acknowledges that this is valid consideration for his agreement to the provisions herein.

2. **Obligations of Plaintiff**. In consideration of Defendant' agreement to the terms herein Plaintiff hereby waives, releases, and forever discharges the Released Parties from all claims asserted in the above-referenced lawsuit. The parties also agree that the Plaintiff is responsible for payment of any and all taxes applicable to any settlement monies received. In the event the Internal Revenue Service or other taxing authority challenges the above allocation, the Parties agree to work cooperatively in connection with any such challenge. Plaintiffs shall be solely responsible for paying all taxes and penalties related to the settlement sum. Plaintiff agrees to hold Defendant harmless from any liability, claims, suits, judgments, and damages that arise as a result of any failure by Plaintiff to pay all taxes for which s/he is responsible.

3. **Nondisclosure.** The parties agree to keep the facts, terms and amount of this Settlement Agreement in strict confidence other than filing this Settlement Agreement to obtain the Court's approval of the settlement. The parties understand and agree that disclosure of the terms of this Agreement to the Court in connection with seeking the Court's approval of this Agreement in the Civil Action is not in violation of this nondisclosure provision. The Plaintiff shall not disclose the terms of this Settlement Agreement to any person other than his spouse, accountant, attorneys, taxing authorities, or income tax preparer. All that the Plaintiff may divulge about the resolution of this matter, if asked, is that he cannot comment in any way on the matter. Furthermore, to the extent the Plaintiff discloses such information to his spouse, accountants, attorneys, taxing authorities, or income tax preparers, the Plaintiff agrees to require, and warrant, that the persons receiving such information will also maintain its confidentiality. If the Plaintiff is subpoenaed, receives other legal process, or is otherwise potentially required to disclose the existence or terms of this Settlement Agreement, he will notify counsel for the Defendant, Robert K. Dwyer, 3800 5th Street, Saint Cloud, FL 34769 (407) 883-5963 within ten (10) business days before responding to any subpoena, court order, legal process, or administrative request. The Plaintiff further agrees to cooperate fully with the Defendant when preparing the appropriate response to any such subpoena or other legal request.

4. **Non-Admission**. Neither this Agreement, nor anything contained herein, is to be construed as an admission by Defendant that Plaintiff was entitled to any monies or an admission that Defendant engaged in any wrongdoing or unlawful conduct whatsoever. Defendant expressly deny that they engaged in any wrongdoing or unlawful conduct whatsoever.

5. **Severability**. In the event that any provision of this Agreement is invalidated by a court of competent jurisdiction, all of the remaining provisions of this Agreement shall continue unabated and in full force and effect.

6. **Entire Agreement**. This Agreement contains the entire understanding and agreement between the parties and shall not be modified or superseded except upon express written consent of the parties to this Agreement. Plaintiff agrees that apart from the payments being made pursuant to this Agreement, he is not entitled to any other payments or other consideration from Defendant.

7. **Governing Law**. This Agreement shall be governed by the laws of the State of Florida. The parties hereto acknowledge that this Agreement is enforceable in the state or federal courts of Florida. Plaintiff and Defendant hereby waive any pleas of jurisdiction or venue as not being residents of Orange, Florida, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in Orange County, Florida.

8. **Attorneys' Fees**. It is further agreed that each party shall bear their, its or his/her own costs and attorneys' fees with the exception of the terms set forth in the separately executed attorney's fee release which is incorporated herein by reference..

9. **Opportunity to Consider and Confer**. By signing this Agreement, Plaintiff acknowledges that he has had the opportunity to study, consider, and deliberate upon this Agreement and has had the opportunity to consult with his attorney.

10. **Free and Voluntary**. This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner.

11. **Construction**. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

12. **Counterparts and Duplicate Originals**. This Agreement may be executed in one or more counterparts, any one of which need not contain the signature of more than one party, and all of which taken together will for all purposes constitute one and the same agreement, binding on all of the parties, notwithstanding that all of such parties have not executed the same counterpart. Two or more duplicate originals of this Agreement may be signed by the parties, each of which shall be an original but all of which together shall constitute one and the same agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Plaintiff and the duly authorized representative of Defendant execute this Settlement Agreement, Waiver and Release consisting of three (3) pages and including twelve (12) enumerated paragraphs, by signing below voluntarily and with full knowledge of the significance of all of its provisions.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES A WAIVER AND RELEASE OF ALL CLAIMS ASSOCIATED WITH THIS LAWSUIT.

_____
Plaintiff

_____
Thomas J. Griffin, CEO on Behalf of
Defendant, Transition House, Inc.

6 / 4 / 16
Date

6 / 6 / 16
Date

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:16-CV-581-ORL-31GJK

SHIRLEY TAYLOR,
REDRICA MURRAY,
CONSTANTIA SPARKS,
JUAN MORALES,

       Plaintiff,

vs.

THE TRANSITION HOUSE, INC.,

       Defendant.

_____/

## SETTLEMENT AGREEMENT, WAIVER AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT, WAIVER AND RELEASE OF CLAIMS (hereinafter "this Agreement") is made and entered into, by and between The Transition House, Inc. (hereinafter "Defendant"), (including any and all of the company's current and former officers, directors, executives, investors, employees, affiliates, subsidiaries, partnerships, joint ventures, successors and assigns) and Constantia Sparks a/k/a Constantia Vance, ("Plaintiff").

When used hereafter the phrase the "Released Parties" includes all of the following: Defendant, its current or former directors, officers, executives, investors, employees, legal representatives and agents both in their official capacity and personally, its subsidiaries, affiliates (defined as any company which is owned by the parent company), predecessors, successors and assigns and his/her attorneys, heirs, executors, administrators, spouse, successors and assigns.

WHEREAS, Plaintiff and Defendant desire to finally settle all existing claims and disputes between Plaintiff and the Released Parties arising out of the above-captioned lawsuit filed against the Defendant. The parties agree as follows:

1.    **Obligations of Defendant**. In consideration of Plaintiff's agreement to the terms set forth herein:

(a)    Defendant shall pay Plaintiff ($417.52) to settle all claims against it including all unpaid wages and liquidated damages with the exception of costs and attorney's fees which shall be paid separately as per the terms set forth in paragraph 8 below.

(b)    Breakdown of Settlement:

      (i) Plaintiff shall receive ($208.76) for the full amount of his unpaid overtime.

      (ii) Plaintiff shall receive ($208.76) for the full amount of liquidated Damages.

Plaintiff hereby assigns his/her attorney's fee claim to Loren & Associates, P.A.

1

Plaintiff acknowledges that at the time of the filing of this lawsuit, that he/she did not have his/her payroll records so as to accurately calculate the overtime believed to be due and owing to him/her. After the filing of his lawsuit, once the parties exchanged documents, Plaintiff was able to calculate the total amount due and owing and agrees that he/she is being fully compensated by virtue of being paid the amounts set forth above.

All such monies as described in 1.a. through b. shall be paid to Plaintiff within five (5) days after court approval of this Agreement. Payment shall be tendered and delivered to Loren & Associates, P.A. payable for benefit of Plaintiff made payable care of Loren & Associates, PA, Trust Account. An IRS 1099 form shall be issued as gross proceeds to attorney. This will resolve any and all claims associated with Shirley Taylor v. Transition House, Inc. - Case No. **6:16-CV-581-ORL-31GJK**, filed in the United States District Court, Middle District of Florida, Orlando Division.

The payments set forth in paragraph 1 are paid in full and final settlement of all of Plaintiff's claims asserted against the Released Parties in the above lawsuit through the date of the execution of this Agreement as more specifically stated hereafter in paragraph 2, Plaintiff acknowledges that this is valid consideration for his agreement to the provisions herein.

2. **Obligations of Plaintiff**. In consideration of Defendant' agreement to the terms herein Plaintiff hereby waives, releases, and forever discharges the Released Parties from all claims asserted in the above-referenced lawsuit. The parties also agree that the Plaintiff is responsible for payment of any and all taxes applicable to any settlement monies received. In the event the Internal Revenue Service or other taxing authority challenges the above allocation, the Parties agree to work cooperatively in connection with any such challenge. Plaintiffs shall be solely responsible for paying all taxes and penalties related to the settlement sum. Plaintiff agrees to hold Defendant harmless from any liability, claims, suits, judgments, and damages that arise as a result of any failure by Plaintiff to pay all taxes for which s/he is responsible.

3. **Nondisclosure.** The parties agree to keep the facts, terms and amount of this Settlement Agreement in strict confidence other than filing this Settlement Agreement to obtain the Court's approval of the settlement. The parties understand and agree that disclosure of the terms of this Agreement to the Court in connection with seeking the Court's approval of this Agreement in the Civil Action is not in violation of this nondisclosure provision. The Plaintiff shall not disclose the terms of this Settlement Agreement to any person other than his spouse, accountant, attorneys, taxing authorities, or income tax preparer. All that the Plaintiff may divulge about the resolution of this matter, if asked, is that he cannot comment in any way on the matter. Furthermore, to the extent the Plaintiff discloses such information to his spouse, accountants, attorneys, taxing authorities, or income tax preparers, the Plaintiff agrees to require, and warrant, that the persons receiving such information will also maintain its confidentiality. If the Plaintiff is subpoenaed, receives other legal process, or is otherwise potentially required to disclose the existence or terms of this Settlement Agreement, he will notify counsel for the Defendant, Robert K. Dwyer, 3800 5th Street, Saint Cloud, FL 34769 (407) 883-5963 within ten (10) business days before responding to any subpoena, court order, legal process, or administrative request. The Plaintiff further agrees to cooperate fully with the Defendant when preparing the appropriate response to any such subpoena or other legal request.

4. **Non-Admission**. Neither this Agreement, nor anything contained herein, is to be construed as an admission by Defendant that Plaintiff was entitled to any monies or an admission that Defendant engaged in any wrongdoing or unlawful conduct whatsoever. Defendant expressly deny that they engaged in any wrongdoing or unlawful conduct whatsoever.

5. **Severability**. In the event that any provision of this Agreement is invalidated by a court of competent jurisdiction, all of the remaining provisions of this Agreement shall continue unabated and in full force and effect.

6. **Entire Agreement**. This Agreement contains the entire understanding and agreement between the parties and shall not be modified or superseded except upon express written consent of the parties to this Agreement. Plaintiff agrees that apart from the payments being made pursuant to this Agreement, he is not entitled to any other payments or other consideration from Defendant.

7. **Governing Law**. This Agreement shall be governed by the laws of the State of Florida. The parties hereto acknowledge that this Agreement is enforceable in the state or federal courts of Florida. Plaintiff and Defendant hereby waive any pleas of jurisdiction or venue as not being residents of Orange, Florida, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in Orange County, Florida.

8. **Attorneys' Fees**. It is further agreed that each party shall bear their, its or his/her own costs and attorneys' fees with the exception of the terms set forth in the separately executed attorney's fee release which is incorporated herein by reference..

9. **Opportunity to Consider and Confer.** By signing this Agreement, Plaintiff acknowledges that he has had the opportunity to study, consider, and deliberate upon this Agreement and has had the opportunity to consult with his attorney.

10. **Free and Voluntary**. This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner.

11. **Construction**. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

12. **Counterparts and Duplicate Originals**. This Agreement may be executed in one or more counterparts, any one of which need not contain the signature of more than one party, and all of which taken together will for all purposes constitute one and the same agreement, binding on all of the parties, notwithstanding that all of such parties have not executed the same counterpart. Two or more duplicate originals of this Agreement may be signed by the parties, each of which shall be an original but all of which together shall constitute one and the same agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Plaintiff and the duly authorized representative of Defendant execute this Settlement Agreement, Waiver and Release consisting of three (3) pages and including twelve (12) enumerated paragraphs, by signing below voluntarily and with full knowledge of the significance of all of its provisions.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES A WAIVER AND RELEASE OF ALL CLAIMS ASSOCIATED WITH THIS LAWSUIT.

_____      _____
Plaintiff                                                      Thomas J. Griffin, CEO on Behalf of
                                                               Defendant, Transition House, Inc.

6/6/16                                                         6/6/16
_____                                                        _____
Date                                                           Date

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:16-CV-581-ORL-31GJK

SHIRLEY TAYLOR,
REDRICA MURRAY,
CONSTANTIA SPARKS,
JUAN MORALES,

        Plaintiff,

vs.

THE TRANSITION HOUSE, INC.,

        Defendant.

_____/

### SETTLEMENT AGREEMENT, WAIVER AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT, WAIVER AND RELEASE OF CLAIMS (hereinafter "this Agreement") is made and entered into, by and between The Transition House, Inc. (hereinafter "Defendant"), (including any and all of the company's current and former officers, directors, executives, investors, employees, affiliates, subsidiaries, partnerships, joint ventures, successors and assigns) and Juan Morales, ("Plaintiff").

When used hereafter the phrase the "Released Parties" includes all of the following: Defendant, its current or former directors, officers, executives, investors, employees, legal representatives and agents both in their official capacity and personally, its subsidiaries, affiliates (defined as any company which is owned by the parent company), predecessors, successors and assigns and his/her attorneys, heirs, executors, administrators, spouse, successors and assigns.

WHEREAS, Plaintiff and Defendant desire to finally settle all existing claims and disputes between Plaintiff and the Released Parties arising out of the above-captioned lawsuit filed against the Defendant. The parties agree as follows:

1.    **Obligations of Defendant**. In consideration of Plaintiff's agreement to the terms set forth herein:

(a)    Defendant shall pay Plaintiff ($1,806.00) to settle all claims against it including all unpaid wages and liquidated damages with the exception of costs and attorney's fees which shall be paid separately as per the terms set forth in paragraph 8 below.

(b)    Breakdown of Settlement:

      (i) Plaintiff shall receive ($903.00) for the full amount of his unpaid overtime.

      (ii) Plaintiff shall receive ($903.00) for the full amount of liquidated Damages.

Plaintiff hereby assigns his/her attorney's fee claim to Loren & Associates, P.A.

1

Plaintiff acknowledges that at the time of the filing of this lawsuit, that he/she did not have his/her payroll records so as to accurately calculate the overtime believed to be due and owing to him/her. After the filing of his lawsuit, once the parties exchanged documents, Plaintiff was able to calculate the total amount due and owing and agrees that he/she is being fully compensated by virtue of being paid the amounts set forth above.

All such monies as described in 1.a. through b. shall be paid to Plaintiff within five (5) days after court approval of this Agreement. Payment shall be tendered and delivered to Loren & Associates, P.A. payable for benefit of Plaintiff made payable care of Loren & Associates, PA, Trust Account. An IRS 1099 form shall be issued as gross proceeds to attorney. This will resolve any and all claims associated with Shirley Taylor v. Transition House, Inc. - Case No. **6:16-CV-581-ORL-31GJK**, filed in the United States District Court, Middle District of Florida, Orlando Division.

The payments set forth in paragraph 1 are paid in full and final settlement of all of Plaintiff's claims asserted against the Released Parties in the above lawsuit through the date of the execution of this Agreement as more specifically stated hereafter in paragraph 2, Plaintiff acknowledges that this is valid consideration for his agreement to the provisions herein.

2. **Obligations of Plaintiff**. In consideration of Defendant' agreement to the terms herein Plaintiff hereby waives, releases, and forever discharges the Released Parties from all claims asserted in the above-referenced lawsuit. The parties also agree that the Plaintiff is responsible for payment of any and all taxes applicable to any settlement monies received. In the event the Internal Revenue Service or other taxing authority challenges the above allocation, the Parties agree to work cooperatively in connection with any such challenge. Plaintiffs shall be solely responsible for paying all taxes and penalties related to the settlement sum. Plaintiff agrees to hold Defendant harmless from any liability, claims, suits, judgments, and damages that arise as a result of any failure by Plaintiff to pay all taxes for which s/he is responsible.

3. **Nondisclosure.** The parties agree to keep the facts, terms and amount of this Settlement Agreement in strict confidence other than filing this Settlement Agreement to obtain the Court's approval of the settlement. The parties understand and agree that disclosure of the terms of this Agreement to the Court in connection with seeking the Court's approval of this Agreement in the Civil Action is not in violation of this nondisclosure provision. The Plaintiff shall not disclose the terms of this Settlement Agreement to any person other than his spouse, accountant, attorneys, taxing authorities, or income tax preparer. All that the Plaintiff may divulge about the resolution of this matter, if asked, is that he cannot comment in any way on the matter. Furthermore, to the extent the Plaintiff discloses such information to his spouse, accountants, attorneys, taxing authorities, or income tax preparers, the Plaintiff agrees to require, and warrant, that the persons receiving such information will also maintain its confidentiality. If the Plaintiff is subpoenaed, receives other legal process, or is otherwise potentially required to disclose the existence or terms of this Settlement Agreement, he will notify counsel for the Defendant. Robert K. Dwyer, 3800 5th Street, Saint Cloud, FL 34769 (407) 883-5963 within ten (10) business days before responding to any subpoena, court order, legal process, or administrative request. The Plaintiff further agrees to cooperate fully with the Defendant when preparing the appropriate response to any such subpoena or other legal request.

4. **Non-Admission**. Neither this Agreement, nor anything contained herein, is to be construed as an admission by Defendant that Plaintiff was entitled to any monies or an admission that Defendant engaged in any wrongdoing or unlawful conduct whatsoever. Defendant expressly deny that they engaged in any wrongdoing or unlawful conduct whatsoever.

5. **Severability**. In the event that any provision of this Agreement is invalidated by a court of competent jurisdiction, all of the remaining provisions of this Agreement shall continue unabated and in full force and effect.

6. **Entire Agreement**. This Agreement contains the entire understanding and agreement between the parties and shall not be modified or superseded except upon express written consent of the parties to this Agreement. Plaintiff agrees that apart from the payments being made pursuant to this Agreement, he is not entitled to any other payments or other consideration from Defendant.

7. **Governing Law**. This Agreement shall be governed by the laws of the State of Florida. The parties hereto acknowledge that this Agreement is enforceable in the state or federal courts of Florida. Plaintiff and Defendant hereby waive any pleas of jurisdiction or venue as not being residents of Orange, Florida, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in Orange County, Florida.

8. **Attorneys' Fees**. It is further agreed that each party shall bear their, its or his/her own costs and attorneys' fees with the exception of the terms set forth in the separately executed attorney's fee release which is incorporated herein by reference..

9. **Opportunity to Consider and Confer**. By signing this Agreement, Plaintiff acknowledges that he has had the opportunity to study, consider, and deliberate upon this Agreement and has had the opportunity to consult with his attorney.

10. **Free and Voluntary**. This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner.

11. **Construction**. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

12. **Counterparts and Duplicate Originals**. This Agreement may be executed in one or more counterparts, any one of which need not contain the signature of more than one party, and all of which taken together will for all purposes constitute one and the same agreement, binding on all of the parties, notwithstanding that all of such parties have not executed the same counterpart. Two or more duplicate originals of this Agreement may be signed by the parties, each of which shall be an original but all of which together shall constitute one and the same agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Plaintiff and the duly authorized representative of Defendant execute this Settlement Agreement, Waiver and Release consisting of three (3) pages and including twelve (12) enumerated paragraphs, by signing below voluntarily and with full knowledge of the significance of all of its provisions.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES A WAIVER AND RELEASE OF ALL CLAIMS ASSOCIATED WITH THIS LAWSUIT.

_____
Plaintiff

_____
Thomas J. Griffin, CEO on Behalf of
Defendant, Transition House, Inc.

6 / 2 / 16
Date

6 / 1 / 16
Date

3