UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:  6:16-CV-581-ORL-31GJK

SHIRLEY TAYLOR,
REDRICA MURRAY,
CONSTANTIA SPARKS,
JUAN MORALES,

        Plaintiff,

vs.

THE TRANSITION HOUSE, INC.,

        Defendant.

_____/

## SETTLEMENT AGREEMENT AS TO ATTORNEY'S FEES AND COSTS CLAIMS

This Settlement Agreement (hereinafter the "Agreement") is made and entered into by and between LOREN & ASSOCIATES, P.A. (referred to throughout as "Loren"), on the one hand, and TRANSITION HOUSE, INC. and all related companies, to include their predecessors, successors, assigns, affiliates, partners, officers, directors, employees, agents and shareholders (collectively "Defendant").

### WITNESSETH:

**WHEREAS,** all Plaintiffs, SHIRLEY TAYLOR, REDRICA MURRAY, CONSTANTIA SPARKS and JUAN MORALES  (collectively "Plaintiffs") filed with Alexis Santiago-Valle, Et Al. v, Transition House, Inc., Case No**6:16-CV-581-ORL-31GJK** (the Civil Action"), in which Plaintiffs, through their counsel Loren, alleged unpaid wages claims for violation of the Fair Labor Standards Act; and

**WHEREAS**, all parties, without admitting any wrongdoing whatsoever, now wish to settle completely all claims; and

**WHEREAS**, each of the Plaintiffs have executed a  Settlement Agreement, Waiver and Release;

**WHEREAS,** Plaintiffs, having been represented by Loren in the Civil Action and having duly assigned their attorney's fee and costs claims in the Civil Action to Loren, and Loren hereby acknowledges having accepted said assignment;

**NOW, THEREFORE,** in consideration of the mutual promises contained herein, it is agreed between Loren and Defendant as follows:

Exhibit B

1.     **Attorney's Fees and Costs Settlement**

Loren will receive and has accepted attorney's fees and costs in the total amount of $4,900.00 as payment of any and all statutory attorney's fees and costs to which Plaintiffs could be entitled in the Civil Action, and Defendant shall pay or cause to be paid such amount directly to Loren. Said amount was negotiated separately from Plaintiff's damages.

Payment of the the above amount shall be consistent with the percentages and time periods set forth in Paragraph 1 of the Parties' Settlement Agreement, Waiver and Release. All payments to Loren under this Agreement shall be **received within 5 days of the Court's approval of the settlement agreement** at LOREN & ASSOCIATES, P.A, 100 S. Pine Island Rd., Suite 132, Plantation, FL 33324.

2.     **Release of All Claims for Attorney's Fees and Costs.**

In exchange for Defendant's payment of the amount set forth above, Loren releases any and all claims for and any all claims for attorney's fee and costs in the Civil Action. The effective date of this release provision shall be the date on which the above amount is fully paid.

3.     **Miscellaneous**

   A. This Agreement sets forth the entire agreement and understanding between the parties hereto and fully supersedes any and all prior agreements or understandings between the parties.
   B. This Agreement is to be interpreted, construed, and enforced pursuant to the substantive laws of the State of Florida and, where applicable, federal law. Any action or proceeding relating to or arising out of this Agreement shall be brought in the District Court, if it should have jurisdiction, or in a court of competent jurisdiction in Orange County, Florida.
   C. If one or more paragraph(s) of this Agreement are ruled invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision of this Agreement, which shall remain in full force and effect. However, if the Court declines to approve the Agreement, then the Parties agree that each of their obligations, including releases and payment obligations under the Agreement shall be void.
   D. Should any term or provision of this Agreement require interpretation or construction, it is agreed by the parties that the court or other entity interpreting or construing this document shall not apply any presumption that the terms and provisions of this Agreement shall be more strictly construed against any particular party, it being agreed that all parties and their respective attorneys have fully participated in the preparation of all terms and provisions of this Agreement.
   E. This Agreement may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same instrument, notwithstanding that the parties hereto may not be signatories to the original or the same counterpart. The parties agree and acknowledge that a photocopy, facsimile copy, e-mailed copy or scanned copy of an executed signature or initialed page may be used in place of an original executed signature or initialed page for any purpose.

Agreed to by: _____  Date: 6/1/16
Thomas J. Griffin, CEO on behalf of:
TRANSITION HOUSE, INC.

By: _____  Date: 6/9/16
JAMES M. LOREN on behalf of:
LOREN & ASSOCIATES, P.A.